*600 GREGORY, Cü'cuit Judge,
dissenting:
Today, the Majority affirms the district court’s denial of Jones’s motion to suppress. I agree with the Majority’s conclusion that the police had reasonable articulable suspicion to conduct a Terry frisk of Jones. However, I disagree with the Majority that the facts in this case comport with the plain feel doctrine. The police exceeded the scope of them Terry frisk when they realized that the object in Jones’s pocket was not a weapon. Although it was not immediately apparent that it was contraband the police continued to manipulate Jones’s pocket until they discovered the non-weapon object was in a plastic bag. Because “an officer’s ‘squeezing, sliding, and otherwise manipulating the contents of [a] defendant’s pocket’, if the officer knows the pocket contains no weapon, is prohibited,” United States v. Swann, 149 F.3d 271, 275 (4th Cir.1998) (citing Minnesota v. Dickerson, 508 U.S. 366, 378, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)), I must respectfully dissent.
“When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, the officer may conduct a patdown search to determine whether the person is in fact carrying a weapon.” Dickerson, 508 U.S. at 373-374, 113 S.Ct. 2130; see also Swann, 149 F.3d at 274. “The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence....” Dickerson, 508 U.S. at 373-374, 113 S.Ct. 2130. “Rather, a protective search-permitted without a warrant and on the basis of reasonable suspicion less than probable cause-must be strictly limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.” Id. “If the protective search goes beyond what is necessary to determine if the suspect is armed, it is no longer valid under Terry and its fruits will be suppressed.” Id.
An exception to this rule is the plain feel doctrine. The plain feel doctrine is analogous to the plain view doctrine, see Dickerson, 508 U.S. at 375, 113 S.Ct. 2130, which permits the police to seize an item without a warrant if: (1) the “police are lawfully in a position from which they view an item,” (2) “its incriminating character is immediately apparent,” and (3) “the officers have a lawful right of access to the object.” Dickerson, 508 U.S. at 375, 113 S.Ct. 2130 (emphasis added). “If, however, the police lack probable cause to believe that an object in plain view is contraband without conducting further search of the object— i.e., if ‘its incriminating character [is not] immediately apparent,’ the plain-view doctrine cannot justify its seizure.” Id. (citing Arizona v. Hicks, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987)). As the Supreme Court explained in Dickerson, “[t]he rationale of the plain-view doctrine is that if contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no ‘search’ within the meaning of the Fourth Amendment — or at least no search independent of the initial intrusion that gave the officers their vantage point.” Id.
In a plain feel case, we have held that “an officer’s ‘squeezing, sliding, and otherwise manipulating the contents of [a] defendant’s pocket’, if the officer knows the pocket contains no weapon, is prohibited.” Swann, 149 F.3d at 275. “An officer is not justified in conducting a general exploratory search for evidence under the guise of a stop and frisk.” Id. at 274.
Officer Waite testified that when he patted Jones, he “felt a hard object below his waist line.” (J.A. 254.) He testified that *601 he believed it might be a weapon. Officer Waite also testified that “[t]o be quite honest, it was roughly the size of a hockey puck, and when [he] grabbed the object, it felt like the flat side of a weapon until [he] grabbed down on it.” Id. After feeling around some more, Officer Waite realized that the object, which he now thought was not a weapon, was in a plastic bag. I conclude that Officer Waite’s decision to probe further after realizing that the hockey puck shaped item was not a weapon was akin to the situation in Swann where an officer manipulated the contents of the defendant’s sock further to determine what was the object in his sock. It was not until Officer Waite realized that the object was inside a plastic bag that he believed it to be contraband. For the foregoing reasons, I would reverse the district court’s denial of Jones’s motion to suppress.